## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

TOMSTEN, INC.  
dba ARCHIVER'S,

Case No. 13-42153  
Chapter 11

Debtor.

## APPLICATION FOR APPROVAL OF EMPLOYMENT
## OF LIGHTHOUSE MANAGEMENT GROUP, INC.

TO:   The Honorable Judges of the Court and the United States Trustee

1.   The above-entitled case was commenced by the filing of a voluntary petition for relief under chapter 11 of Title 11 of U.S.C. on April 29, 2013.

2.   Applicant desires to retain Lighthouse Management Group, Inc. ("Lighthouse") as financial consultants, providing services including advice on financial restricting and the terms of the leases relating to the Applicant's various locations.  Applicant believes that its best interests would be served by retaining Lighthouse to represent them in such matters.  Lighthouse is experienced in such work and is agreeable to performing such services according to the terms set forth in the engagement letter attached as **Exhibit A**.  Lighthouse will perform such services on an hourly charge basis, with such compensation being subject to allowance of the Court.  Hourly rates for Lighthouse employees range from $350 for James Bartholomew and lesser rates for associates as needed.

3.   To the best of Applicant's knowledge, neither Lighthouse nor any of its employees have any connection with Applicant, the creditors of Applicant, the United States Trustee or employees of the United States Trustee, or any other party in interest, or their respective attorneys.

{00138754 }

4. To the best of Applicant's knowledge, Lighthouse is a disinterested person as that term is defined in 11 U.S.C. §101(13), and does not hold or represent any interest adverse to the Applicant with respect to matters upon which it is to be engaged.

5. Lighthouse has received no compensation from any party in connection with this case.

6. Applicant requests that fee applications for Lighthouse in this case be heard on 90-day intervals in the case. Applicant further requests that they be permitted to pay invoices from Lighthouse as received on a monthly basis, subject to the holdback of 20% of the invoiced fees as provided in Instruction 8(c) of this Court's published Instructions for Filing a Chapter 11 case.

WHEREFORE, Applicant respectfully requests that this Court approve Applicant's employment of the financial consulting firm of Lighthouse to represent it for the purposes set forth herein.

Dated: May 2, 2013          TOMSTEN, INC. dba ARCHIVER'S

By: _____
Jann L. Olsten, CEO

**EXHIBIT A**



April 10, 2013

Tomsten, Inc. (d/b/a "Archiver's")
c/o Jann Olsten
6110 Golden Hills Dr.
Golden Valley, MN 55416

We are pleased to offer this proposal to provide consulting services to Tomsten, Inc. (d/b/a "Archiver's") (collectively the "Company").

### Introduction

The Company is in the process of introducing new products and services, and a restructuring of its finances the Company through a Chapter 11. Management of the company is seeking a financial advisor to the assist it with the below listed functions.

### Scope of Work

Lighthouse Management Group, Inc. ("LMG") proposes to provide the following services:

- Advise management in the preparation and planning for a Chapter 11 filing.
- Advise management in development of a strategic plan of reorganization in a Chapter 11.
- Assist management in negotiations with all creditor groups.
- Perform such other services as requested by the CEO.

### Fees

Our services for this project will be billed on an hourly basis at the rate of $350.00 for Jim Bartholomew, at lesser rates for associates time and $60.00 for administrative time, if needed and approved by the Company in advance. Our rates are reviewed annually and may increase in the future. In that event we will notify you in advance of such increase. We are available to begin work with you and your management team on this project immediately.

– 2 –                                                             April 10, 2013

Should we require the services of other members of LMG we will advise you in advance of their involvement and their billing rate. We request a $20,000 retainer to be held during the length of this engagement, and we will invoice monthly for our services, with payment due in accordance with bankruptcy rules and practices.

If this proposal is acceptable please sign the attached Consulting Agreement and return it to my attention. We look forward to working with you during this engagement.

Sincerely,

*[signature]*

James A. Bartholomew
President
Lighthouse Management Group, Inc.

3



## CONSULTING AGREEMENT

1. **Parties:** Tomsten, Inc. (d/b/a "Archiver's")

   Lighthouse Management Group, Inc. ("Consultant(s)" or "LMG")
   2900 Northwoods Drive, Suite 215
   Arden Hills, MN 55112

2. **Effective Date:** April 12, 2013

3. **Scope of Work:** Defined in attached Engagement Letter dated April 12, 2013.

4. **Results:** LMG will exercise its best professional judgment and exert reasonable best efforts on your behalf. However, we are not guarantors of any specific results, as there are many factors and forces at work in the destiny of your Company.

5. **Billing:** LMG to render monthly statements to Client accounting for all time and expenses. Payment of said statements will be due upon presentation. We request a retainer of $20,000. The retainer will be held during the course of the engagement and applied to the final invoice in accordance bankruptcy rules and practices.

   The following rates shall apply: James A. Bartholomew $350.00 per hour.

6. **Indemnification:** Client hereby agrees to indemnify and hold harmless LMG, its officers, members, principals, affiliates, independent contractors and their respective directors, officers, agents and employees (collectively the "Indemnified Persons") from and against any and all claims, demands, suits, proceedings, judgments, awards, liabilities, losses, damages and expenses incurred by any Indemnified Person (including but not limited to Indemnified Person's reasonable counsel fees and disbursements and the reasonable costs of such Indemnified Person's professional time (such professional time will be reimbursed at our rates in effect when such time is required), as they are incurred, arising in connection with investigating, preparing for or defending any action, formal or informal claim, investigation, inquiry or other proceedings, whether or not in connection with pending or threatened litigation) which are related to or arise in any manner out of the engagement contemplated hereby, including any legal proceeding in which any Indemnified Person may be required or agree to participate, but in which such Indemnified Person is not a party; provided, however, that Client shall not be responsible for any claims, liabilities, losses, damages or expenses pursuant to this paragraph which are finally determined to have resulted from the gross negligence or willful misconduct of any Indemnified Person.

   Client shall defend any such claim with counsel reasonably acceptable to LMG or may permit LMG to defend at Client's expense. Client further agrees that it shall not,

−4−                                                                April 10, 2013

without the prior written consent of the Indemnified Parties, which shall not be unreasonably withheld, settle, compromise or consent to the entry of any judgment in any pending or threatened claim, action, suit or proceeding in respect of which indemnification may be sought hereunder unless such settlement, compromise or consent includes an unconditional release of LMG and each other Indemnified Person hereunder from all liability arising out of such claim, action, suit or proceeding. LMG further agrees that it shall not, without the prior written consent of client (which shall not be unreasonably withheld) settle, compromise or consent to the entry of any judgment in any pending or threatened claim, action, suit or proceeding in respect of which indemnification may be sought hereunder.

7. **Termination:** This Agreement can be terminated by either LMG or Client upon (7) seven days written notice to the other party (the "Termination"). If Client terminates, then the termination must be accompanied by full payment for all costs and expenses in order to be effective.

8. **Survival:** The obligations of the parties pursuant to paragraphs 4, 5, 6 and 7 shall survive Termination of the Agreement along with any other section that expressly provides that it shall survive the Termination.

9. **Entire Agreement:** This Agreement incorporates the entire understanding between the parties with respect to its subject matter and supersedes all previous agreements or understandings that might exist or have existed. This Agreement may not be amended or modified except in writing, executed by the parties hereto.

10. **Severability:** Any provision of this Agreement that shall be determined to be invalid or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof or affecting the validity or enforceability of such provision in any jurisdiction.

11. **Counterparts:** This Agreement may be signed in counterparts and transmitted by facsimile, and all such counterparts shall be deemed to be a single original Agreement.

12. **Governing Law:** This Agreement shall be governed by and construed in accordance with the laws of the State of Minnesota.

LMG                                                Client

by: _James A. Bartholomew_                         by: _[signature]_

                                                   its: _CEO_

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

TOMSTEN, INC.
dba ARCHIVER'S,

Case No. 13-42153
Chapter 11

Debtor.

### UNSWORN DECLARATION OF JAMES A. BARTHOLOMEW

I, James A. Bartholomew, declare under penalty of perjury that:

1. I am the President of Lighthouse Management Group, Inc. ("Lighthouse"), a financial consulting firm located at 3900 Northwoods Drive, Suite 215, Arden Hills, MN 55112.

2. To the best of my knowledge, neither Lighthouse nor any of its shareholders have any connection with any party holding a claim or other interest adverse to the above-named Debtor or its estate.

3. To the best of my knowledge, neither Lighthouse nor any of its shareholders have any connection with the creditors of the Debtor, the United States Trustee or employees of the United States Trustee, or any other party in interest or their respective attorneys.

4. Lighthouse will not share with any other person or entity any compensation for services provided to the Debtor.

Dated: May 2, 2013

_____
James A. Bartholomew

{00138755 }

# RAVICHMEYER

RAVICHMEYERKIRKMANMCGRATHNAUMAN&TANSEY

A PROFESSIONAL ASSOCIATION

May 2, 2013

VIA E-MAIL

Clerk of U.S. Bankruptcy Court
301 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:   Tomsten, Inc. dba Archiver's
      Case No. 13-42153

Dear Clerk:

Enclosed for filing are the following documents:

1. Application for Approval of Employment of Lighthouse Management Group Inc.;

2. Unsworn Declaration of James A. Bartholomew; and

3. Proposed Order Authorizing Employment of Financial Consultants.

By copy of this letter, two copies of these documents have been provided to the Office of the U.S. Trustee.

Very truly yours,

*[signature]*

MICHAEL L MEYER
612.317.4745
MLMEYER@RAVICHMEYER.COM

MLM|jm
Enclosures

cc:   Sarah J. Wencil, U.S. Trustee (w/enc.)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

TOMSTEN, INC.  
dba ARCHIVER'S,

Case No. 13-42153  
Chapter 11

Debtor.

## ORDER AUTHORIZING EMPLOYMENT OF FINANCIAL CONSULTANTS

Upon the application of the Debtor in possession in the above-entitled case and it appearing necessary and appropriate that said Debtor be represented by the firm of Lighthouse Management Group, Inc. in the above-entitled case,

IT IS ORDERED:

1. That the employment of Lighthouse Management Group, Inc., 3900 Northwoods Drive, Suite 215, Arden Hills, MN 55112 ("Lighthouse"), as financial consultants for the Debtor in possession is approved.

2. Fee applications by Lighthouse in this case may be heard on 90-day intervals from commencement of the case.

3. Debtor is authorized to pay monthly invoices of Lighthouse under the procedures in Instruction 8(c) of this Court's published Instructions for Filing a Chapter 11 Case.

Dated:

_____  
Gregory F. Kishel  
Chief United States Bankruptcy Judge

{00138756 }